## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## JOHNSTOWN

|  |  |  |
|---|---|---|
| SHAWN KING, | ) | Civil Action No. 3: 20-cv-0243 |
|  | ) |  |
| Plaintiff, | ) | Judge Kim R. Gibson |
|  | ) |  |
| v. | ) | Chief Magistrate Judge Cynthia Reed Eddy |
|  | ) |  |
| JOHN E. WETZEL, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

### MEMORANDUM OPINION

Currently before the Court  are the "Objections" filed by Plaintiff Shawn King  (ECF No. 167) to the "Memorandum Order Re: Instructions for Filing Fourth Amended Complaint" issued by Chief Magistrate Judge Cynthia Reed Eddy on October 12, 2021 (ECF No. 166) (the "Order"). Upon review of the matters raised by the objections, the Court concludes that Plaintiff's objections must be denied as the Order is neither clearly erroneous nor an abuse of discretion.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters.  28 U.S.C. § 636(b)(1)(A).  A*ccord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).  In this case, the Magistrate Judge's October 12, 2021, Order concerned a nondispositive matter. Accordingly, the Order will not be disturbed unless it is found to be clearly erroneous or contrary to law.

1

A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364 (1948)). This standard is difficult and "[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998). The deferential standard is particularly appropriate in the case where the magistrate judge has managed the case from the outset and developed a thorough knowledge of the proceedings. *Id.*

### Discussion

As an initial matter, the Court notes that Plaintiff made serious accusations against the Magistrate Judge. For example, he states that he "asserts a showing of Judicial bias" and that the Order "prejudices the plaintiff. Leaving him confounded and left not to pursue claims, not to name certain Defendants, to minimize the length of the complaint, etc." Obj. at 1-2. These are grave accusations which the Court considers a serious matter. The Court has closely reviewed the Order of October 12, 2021, and finds that Plaintiff's accusations are unwarranted and baseless.

As reflected on the docket, this case has a long procedural history and yet has not progressed beyond the motion to dismiss stage. Plaintiff filed an Amended Complaint as a matter of right on January 16, 2021 (ECF No. 14) and filed a Second Amended Complaint (ECF No. 49) on March 2, 2021. In June 2021, Plaintiff requested leave to supplement the Second Amended Complaint and to add additional defendants. (ECF No. 85). Rather than having the case proceed in a piecemeal fashion, the Magistrate Judge ordered Plaintiff to file a Third Amended Complaint (ECF No. 85) which should include all defendants and all causes of action. Following these directives, Plaintiff filed his Third Amended Complaint on July 9, 2021. (ECF No. 98). On August 23, 2021,

2

Defendants filed motions to dismiss in lieu of filing answers. (ECF Nos. 134 and 136).  In response, on September 22, 2021, Plaintiff filed a Notice of Intent to File a Fourth Amended Complaint. (ECF No. 155).  The Magistrate Judge issued the Order of October 12, 2021, in response to Plaintiff's Notice.

A court has the inherent power to control its own docket and the Order of October 12, 2021, was entered to do just that.  Once it came to the Magistrate Judge's attention that Plaintiff was intending to file a Fourth Amended Complaint, the Magistrate Judge entered the Order with detailed and specific instructions for filing the Fourth Amended Complaint, including the admonition that leave was granted only to the extent that an amended complaint would cure any deficiencies in the Third Amended Complaint.  This is a standard instruction given in cases when a plaintiff seeks to amend in response to a motion to dismiss.  With that said though, if Plaintiff disagrees that there are any deficiencies in his Third Amended Complaint, he has every right to file a response in opposition to the Defendants' motions to dismiss and to stand by his allegations in the Third Amended Complaint.

For the reasons stated above, the Court finds that Plaintiff has not shown that the Magistrate Judge's Order of October 12, 2021, was clearly erroneous or contrary to law.  Accordingly, Plaintiff's objections are **DENIED.**

So **ORDERED** this _3rd_ day of November, 2021.

BY THE COURT:

_____

Kim R. Gibson
United States District Judge

3

cc:    SHAWN KING
MM2246
SCI Houtzdale
PO Box 1000
Houtzdale, PA 16698
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)