IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN KING, | ) | |
| | ) | CIVIL ACTION NO. 3:20-cv-243 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| BARRY SMITH et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

This matter is before Magistrate Judge Cynthia Reed Eddy for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636 and Local Civil Rule 72.

Pro se plaintiff Shawn King ("Plaintiff") is a state prisoner in the custody of the Pennsylvania Department of Corrections. Plaintiff has sued five corrections officers—SCI-Houtzdale Superintendent Barry Smith; SCI Houtzdale Deputy Superintendents Bobbi Jo Salamon, David Close, and Michelle Ivic; and SCI Houtzdale Mailroom Inspector Lucinda Gailey (collectively, "Defendants")—alleging that they violated his rights under the Eighth and First Amendments of the United States Constitution while Plaintiff was incarcerated at SCI-Houtzdale. (ECF No. 170).[1]

On December 10, 2021, Defendants filed a motion to dismiss Plaintiff's Fourth Amended Complaint, (ECF No. 175), with an accompanying brief. (ECF No. 176). On January 1, 2022,

---

[1] Plaintiff initiated this case on December 3, 2020. (ECF No. 1). However, Plaintiff subsequently filed numerous amended complaints, (*see* ECF Nos. 14, 49, 98), and the operative complaint is now the Fourth Amended Complaint. (ECF No. 170).

Plaintiff filed a brief in opposition to Defendants' motion to dismiss. (ECF No. 178). On February 1, 2022, Defendants filed a reply to Plaintiff's opposition brief. (ECF No. 181).[2]

On June 22, 2022, Magistrate Judge Eddy filed a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss in part and deny it in part. (ECF No. 187). In the R&R, the Magistrate Judge informed the parties about their respective deadlines for filing written objections to the R&R.[3] On July 1, 2022, Plaintiff filed objections against this R&R. (ECF No. 189). On July 15, 2022, Plaintiff filed a Motion for an Enlargement of Time in which he requested that the Court extend his objection-filing deadline until the Court received a response Plaintiff had mailed on June 28, 2022. (ECF No. 192 at 1). On that same day, Plaintiff also filed a new set of objections to the R&R. (ECF No. 193). On July 22, 2022, Magistrate Judge Eddy denied Plaintiff's motion for a filing extension at ECF No. 192 because the Court had already received Plaintiff's objections at ECF Nos. 189 and 193. (ECF No. 195). The Court has reviewed both sets of objections and finds them meritless.

---

[2] On May 5, 2022, Plaintiff filed a Motion Requesting a Decision in which he writes that "[o]n February 1, 2022 this Honorable Court set as the deadline for Defendant's response to Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss." (ECF No. 184). Plaintiff then "request[ed] a response" from the Court to address his to his unsureness about whether he "is required to take some measure or if this Motion is proper." (Id.). On May 9, 2022, Magistrate Judge Eddy entered a text order stating that, "[t]o the extent Plaintiff is requesting that the Court rule on the pending motion to dismiss in the matter, the Court is taking the motion under advisement and will issue a recommendation to the District Judge assigned to the case once a decision has been made." (ECF No. 185). The Court can discern no clearer meaning of Plaintiff's motion at ECF No. 184 than that which Magistrate Judge Eddy identified in ECF No. 185. Therefore, the Court need not independently resolve this motion because its ruling on Defendants' motion to dismiss moots Plaintiff's request that the Court adjudicate this matter.

[3] The parties had different deadlines for submitting written objections because Defendants are electronically registered and Plaintiff is not. (ECF No. 187 at 12). As an electronically registered party, Defendants had until July 7, 2022, to file objections. (Id.). As a non-registered party, Plaintiff had until July 11, 2022, to file objections. (Id.).

Defendants had a filing deadline for written objections of July 7, 2022, because they are electronically registered. (ECF No. 187 at 12). However, Defendants did not file objections to Magistrate Judge Eddy's R&R at ECF No. 187, timely or otherwise.

Upon reasoned review of the record in this matter, Magistrate Judge Eddy's R&R at ECF No. 187, and Plaintiff's objections to the R&R at ECF Nos. 189 and 193, the following order is entered.

AND NOW, this 6th day of October, 2022, it is **HEREBY ORDERED** that Magistrate Judge Eddy's R&R at ECF No. 187 is adopted as the Opinion of the Court for its reasoning and conclusion.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss at ECF No. 175 is partially **GRANTED** with respect to Plaintiff's conspiracy claim. Because leave to amend would be futile, Plaintiff's conspiracy claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss at ECF No. 175 is **DENIED** with respect to all other claims asserted by Plaintiff in the Fourth Amended Complaint (ECF No. 170).

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**