## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN KING, | ) | |
| | ) | Case No. 3:20-cv-243 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| BARRY SMITH et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I.  Introduction

From this case's inception in December 2020 to April 2024, this matter was before then Chief Magistrate Judge Cynthia Reed Eddy ("Judge Eddy") for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72. As the docket reflects, on April 23, 2024, the referral of this matter to Magistrate Judge Eddy was withdrawn and reassigned to Magistrate Judge Richard A. Lanzillo ("Judge Lanzillo"). And on July 3, 2024, this case was reassigned to Magistrate Judge Christopher B. Brown ("Judge Brown"). This matter is currently before Judge Brown for pretrial proceedings.

Pending before the Court are the following filings by pro se Plaintiff Shaun King ("King"): (1) an "Appeal to District Judge of Magistrate Judge's Amended Memorandum Order" at ECF No. 273, (2) a "Motion for an Expedited Decision" of that appeal at ECF No. 277, (3) a "Motion Requesting District Judge Review and Reconsider[ation of] Past Magistrate Judge Decisions" at ECF No. 278, and (4) a "Motion to Remove Magistrate Judge" at ECF No. 292.

For the reasons that follow, the Court will: (1) **DENY** King's appeal/objections at ECF No. 273, (2) **DENY AS MOOT** King's Motion for an Expedited Decision at ECF No. 277, (3) **DENY** King's Motion Requesting District Judge Review and Reconsideration of Past Magistrate Judge Decisions at ECF No. 278, and (4) **DENY** King's Motion to Remove Magistrate Judge at ECF No. 292.

## II.     Relevant Background

King's Fourth Amended Complaint, which is the operative complaint in this matter, was filed on November 17, 2021. (ECF No. 170). In it, King alleges violations of his First, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 and names five employees of the correctional institute where King is incarcerated as Defendants. (*Id.*).

After the Court ruled on Defendants' Motion to Dismiss, the following claims remain in this matter: (1) an Eighth Amendment failure to protect claim; (2) a First and Fourteenth Amendment claim alleging mail interference; and (3) First Amendment retaliation claims. (ECF No. 161 at 4); (ECF Nos. 187, 199).

On March 31, 2023, King filed the following Motions, which are relevant to his pending objections: (1) a Motion to Compel Discovery, (ECF No. 232), along with a brief in support of that motion, (ECF No. 233); (2) a Motion to Compel Answers to Written Deposition Questions, (ECF No. 234); and (3) a Motion for In Camera Review, (ECF No. 235). And on April 20, 2023, King submitted an Addendum to his Motion to Compel Discovery. (ECF No. 243). Defendants filed a collective response to those Motions on May 1, 2023. (ECF No. 251).

Judge Eddy initially entered an Order addressing King's Motions on May 31, 2023, (ECF No. 256), but King filed a Motion for Reconsideration on June 12, 2023, (ECF No. 258). As the

docket reflects, Judge Eddy granted King's Motion for Reconsideration the day after it was filed, vacated her initial Order at ECF No. 256, and explained that an Amended Order would be forthcoming.

Judge Eddy entered an Amended Memorandum Order on June 21, 2023, which: (1) denied in part and deferred in part King's Motion to Compel Discovery at ECF No. 232 and the subsequent addendum at ECF No. 243, (2) denied King's Motion to Compel Answers to Written Deposition Questions, and (3) granted King's Motion for In Camera Review. (ECF No. 261).

King timely filed objections—styled as an "appeal" to this Court—to Judge Eddy's Amended Memorandum Order on June 28, 2023. (ECF No. 273). King raises several specific objections, which the Court will address below, but his general assertion is that Judge Eddy's "Order is clearly erroneous and contrary to law and [the] F[ederal] R[ules of] C[ivil] P[rocedure]." (*Id.* ¶ 18). King also contends that the Order in question was "highly prejudicial and indicative of judicial bias." (*Id.* ¶ 22). King filed a Motion for an expedited decision regarding his objections at ECF No. 273 on November 3, 2023. (ECF No. 277).

The same day, King filed a Motion seeking this Court's review and reconsideration of several past decisions rendered by Judge Eddy. (ECF No. 278). The Court will address the specific requests made by King therein below.

Finally, on April 18, 2024, King filed a Motion to Remove Magistrate Judge. (ECF No. 292).

III.    **Discussion**

King's objections take aim at a slew of previous decisions rendered by Judge Eddy. The Court will address each objection in turn, beginning with King's objections to Judge Eddy's Amended Memorandum Order at ECF No. 261.

A.   **The Court Will Deny King's Objections to Judge Eddy's Amended Order at ECF No. 261**

1.   **King's Motions Informing Judge Eddy's Amended Order and Defendants' Response**

Judge Eddy's Amended Memorandum Order addressed four filings by King related to discovery issues. (ECF No. 261).

King's first Motion, a "Motion to Compel Discovery[,]" (ECF No. 232), generally argued that Defendants provided King with initial discovery that was incomplete, insufficient, and/or difficult to discern. (*Id.* at 2). King also complained of what he perceived as improper objections and invocations of privilege asserted by Defendants in answering his written deposition questions. (*Id.* at 3–4).

King filed a brief in support of his Motion, which generally argued that King's discovery requests were in accordance with Federal Rule of Civil Procedure 26. (ECF No. 233). Specifically, King contended that Defendants' objections to his discovery requests "fail to raise any privileges" and are otherwise frivolous. (*Id.* at 3). He alleged that his "requests for policies, memoranda, and directives serve several purposes," and are proper pursuant to the Administrative Procedure Act (the "APA") and the "*Accardi* Doctrine[.]" (*Id.* at 4). King also argued that his requests for "all," "each," "every," and/or "any" of certain documents were appropriate. (*Id.* at 5).

He also focused on his request that Defendants produce copies of grievances filed by King, arguing that the grievances Defendants provided in initial discovery were incomplete. (*Id.*). Moreover, King alleged that his "request that the Attorney General provide copies of all case law upon which the defense intends to rely" was justified. (*Id.* at 6).

King also submitted an addendum to his Motion to Compel Discovery at ECF No. 232. (ECF No. 243). In that addendum, King argued that defense counsel "has intentionally misrepresented to this Court the items produced and the dates of mailing[] to [him] Defendants' Responses to Plaintiff's Written Deposition Questions." (*Id.* at 1). He also averred that defense counsel cannot assert that Pennsylvania Department of Corrections ("DOC") policies "directly related to [his] constitutional violations are not discoverable." (*Id.* at 3). At bottom, King argued that defense counsel "is deliberately delaying and obstructing the discovery process by feigning ignorance to clear and precise questions or pretending not to understand a discovery request regardless of [the request's] specificity." (*Id.*).

King's second Motion sought to compel "each of the Defendants to answer every submitted written deposition question." (ECF No. 234 at 1). Therein, he argued that Defendants improperly evaded certain questions. (*Id.* at 1–2). He also clarified certain questions he posed regarding DOC policies. (*Id.* at 2). Moreover, King addressed Defendants' complaints that certain questions did not specify time periods, alleging that "it is clear that [he] is referring to any point [in] time during his incarceration … and periods while he was housed in the" Restricted Housing Unit ("RHU"). (*Id.*). King ultimately argued that Defendants should be compelled to answer each submitted question because they "go towards establishing mind-set, motivations, or motives[,]" and "seek to reveal biases and general predispositions." (*Id.* at 2).

Finally, in King's third Motion, he requested "in camera reviews regarding defense counsel's assertions for its redactions of documents[.]" (ECF No. 235 at 1). He argued that defense counsel "cannot have free reign in determining its redactions of documents and what [he] has a right to be privy to." (*Id.*). By his telling, "the defense should be forced and required to propose

the redactions, and [] the Court must the[n] determine which are appropriate and then permit/order any redactions." (*Id.*).

Defendants filed an omnibus response to King's Motions on May 1, 2023. (ECF No. 251). Defendants argued that "they are entitled to interpose appropriate objections to any" of King's discovery requests. (*Id.* at 3). With respect to King's request for policies, memoranda, and directives, Defendants stated that they will produce a copy of the DOC's Policy and Procedures Manual. (*Id.*). However, Defendants explained that they objected to King's requests for "all," "each," "every," or "any" of certain documents as overbroad, irrelevant, and disproportional, arguing that this case "is not concerned with the entirety of [King's] confinement with the DOC." (*Id.*). Defendants also argued that King's request for case law did not fall within the scope of discovery. (*Id.* at 3–4).

Regarding their answers to King's written deposition questions, Defendants stood on their previous objections and denied any allegation by King that certain documents evidenced "coaching" by counsel. (*Id.* at 4). Defendants also reiterated their objection that King's request for "all Misconduct Reports listed in [his] Misconduct History" was overbroad, irrelevant, and disproportional. (*Id.* at 5). Moreover, Defendants argued that it is sufficient that "[a]nswers or objections have been provided to each question by each respective defendant and all have been signed … under an acknowledgment of the penalties for perjury." (*Id.*). They further averred that each Defendant "appears to have provided answers or responses to each of the questions posed to the best of their ability." (*Id.* at 6).

    **2.**       **Judge Eddy's Amended Order**

As previously noted, Judge Eddy issued an initial decision ruling on King's Motions two months after they were filed. (ECF No. 256). But King filed a Motion for Reconsideration shortly thereafter. (ECF No. 258). In that Motion, King argued that Judge Eddy's initial decision contained numerous errors and was generally contrary to law. (*Id.*). Judge Eddy granted King's Motion, vacated her initial decision, and indicated that she would file an Amended Order.

Judge Eddy issued her Amended Order on June 21, 2023. (ECF No. 261). She first addressed King's Motion to Compel Discovery, (ECF No. 232), and his addendum thereto, (ECF No. 243). (ECF No. 161 at 5–10). Judge Eddy offered a summary of the discovery process leading to King's Motions, as follows.

Pursuant to an Amended Case Management Order, Defendants were ordered to provide King with the following initial discovery:

> (1) all incident reports, grievances and appeals therefrom, disciplinary reports, investigative reports, appeals, any existing video or photographic documentation, or other similar documents in its possession concerning the alleged incident or incidents, and

> (2) all records concerning the alleged incident or incidents.

(*Id.* at 5) (citing ECF No. 203).

Defendants filed a Notice in December 2022 indicating that over 900 pages of documents had been produced, but that (1) portions of an Extraordinary Occurrence Report and several vote sheets were redacted for security reasons, and (2) King's mental health records and Inmate Cumulative Adjustment Record were withheld from production. (*Id.*) (citing ECF No. 204 ¶ 4(a)–(d)).

King filed a Request for Additional Discovery—seeking forty-two additional items from Defendants—in January 2023. (*Id.*) (citing ECF No. 213). Judge Eddy explained that "[t]he vast majority of these requests were very general and overbroad[,]" and many requests concerned King's entire imprisonment within the DOC "and were not confined to the claims raised by the operative complaint in this matter." (*Id.*). Judge Eddy noted that "[i]t appears that … Defendants objected to many of these requests[,]" but because "neither party provided the Court with" those objections, the Court was "unsure of what the specific objections were[.]" (*Id.* at 5–6).

In March 2023, King filed a "Motion to Extend Time to File Motion to Compel and Notice to Admit." (*Id.* at 6). Defendants responded that they believed that had provided King with all requested documents and encouraged King to identify any specific deficiencies in their responses or advise them of additionally needed discovery. (*Id.*) (citing ECF No. 230). Defendants also attached an itemized list of all documents they mailed to King in December 2022 and February 2023, respectively. (*Id.*) (citing ECF No. 230-1).

Turning to King's operative Motion to Compel Discovery, Judge Eddy explained that King "makes broad and general challenges to the responses and objections submitted" by Defendants, and she is unable to "rule on an objection by [King] that is not particularized." (*Id.*). However, Judge Eddy addressed several specific objections raised by King in his Motion.

With respect to King's request for policies, memoranda, and directives, Judge Eddy explained that although Defendants agreed to produce a copy of the DOC's Policy and Procedures Manual, King argued that "'each [] DOC policy is relevant to this case' and that he 'cannot request a policy by DC-ADM and number which he does not know and may not exist.'" (*Id.*) (quoting ECF No. 258 ¶¶ 12, 13) (emphasis in original).

Judge Eddy found that "while the scope of discovery pursuant to Rule 26 is broad, it is not unlimited and may be circumscribed, as discovery should not serve as a fishing expedition." (*Id.* at 7). Adding that "[r]equest[s] for documents must be stated with reasonable specificity[,]" Judge Eddy sustained Defendants' objections and denied King's request to compel "any policy" as overbroad, irrelevant, not proportional, and not likely to lead to admissible evidence. (*Id.*).

Judge Eddy also rejected King's argument that the *Accardi* Doctrine and the APA justified his requests for "all" or "any" policies and memoranda. As she explained, King's invocation of *United States ex rel. Accardi v. Shauhnessy*, 347 U.S. 260 (1954)—which held that rules promulgated by a *federal* agency are controlling upon that agency—has no applicability to this case, where there are no federal agencies involved. (*Id.*).

Next, Judge Eddy turned to King's requests that sought "all," "each," "every," or "any" of certain documents "without providing any time frame." (*Id.*). She noted that notwithstanding Defendants' objections to these requests, "Defendants have represented that for most requests, they have provided those documents relevant to the timeline in this case." (*Id.*). Accordingly, Judge Eddy sustained Defendants' objections and denied King's Motion to Compel, explaining that the case was confined to King's remaining claims and reiterating that discovery should not serve as a fishing expedition. (*Id.* at 8).

Addressing King's request for copies of the caselaw upon which Defendants intended to rely, Judge Eddy sustained Defendants' objection and denied King's request on that score because such materials do not fall within the scope of discovery. (*Id.*).

Judge Eddy then turned to King's request for "all Smart Communications monthly mail logs, detailing item tracking number, the sender's name and address, the title of the received item,

… [and] the date shipped to the facility" between May 31, 2020 and March 20, 2022. (*Id.*). She explained that defense counsel "has represented that [King] has been provided with Mail Logs dated December 7, 2022, and February 9, 2023. And counsel has represented that he will see if additional information is available from the DOC." (*Id.*).

Noting that Federal Rule of Civil Procedure 26(e)(1) "imposes on all parties a continuing obligation to supplement or correct its discovery responses[,]" Judge Eddy found that the "Court has no reason to doubt that [defense counsel] will supplement the discovery responses, if need be[,]" and thus denied King's request that Defendants produce the materials in question. (*Id.*).

Judge Eddy next dealt with King's "objections" to Defendants' responses to his written deposition questions. (*Id.* at 9). She noted that King "did not identify any specific objections" and accordingly denied his Motion to Compel on this score. (*Id.*). She also rejected King's argument that the document he obtained—which apparently contained inadvertently provided attorney-client material—reflected that defense counsel was coaching a particular Defendant. (*Id.*). Judge Eddy reasoned that the "comments" in the margins of that document merely provided the Defendant "direction in answering the questions." (*Id.*).

Further, Judge Eddy noted that King requested "the job descriptions and responsibility" for each Defendants' position held at the time King's lawsuit was filed. (*Id.*). She explained that Defendants provided copies of the job descriptions for the positions held by each Defendant at the relevant time, and noted that King "did not identify any specific objection[s]" thereto. (*Id.*). Thus, Judge Eddy denied King's Motion in this regard. (*Id.*).

King's twentieth request sought all "disciplinary misconduct inmate responses or versions of events[,]" which Defendants argued was overbroad, irrelevant, and not proportional.

(*Id.*). Judge Eddy noted that Defendants had provided King with eleven Misconduct Reports within the timeframe relevant to his operative Complaint, along with a copy of his Misconduct History, which Defendants submitted to the Court as an exhibit. (*Id.*). For this reason, and because King did not identify a specific objection, Judge Eddy denied King's Motion to Compel further responses to this request. (*Id.*).

Judge Eddy also addressed King's objection to Defendants providing certain documents—namely, vote sheets—in redacted form by asserting various privileges and security concerns. (*Id.*). She directed Defendants to "submit those documents, both redacted and unredacted, to the Court for in camera review together with a privilege log on or before July 6, 2023." (*Id.*). "After the Court has reviewed the documents," she explained, "it will supplement this Order with a ruling as to whether the [] Defendants have properly asserted various privileges and security concerns." (*Id.*).[1] Thus, Judge Eddy deferred ruling on this aspect of King's Motion to Compel pending the completion of in camera review of the challenged documents. (*Id.*).

Judge Eddy then pivoted to King's Motion to Compel Answers to Written Deposition Questions at ECF No. 234. (*Id.*). She first addressed King's objection that Defendants' answers were not handwritten. (*Id.*). Judge Eddy denied King's objection, explaining that there is no requirement that answers be handwritten, and found that because each Defendant signed an acknowledgment under the penalty of perjury as to each answer and objection, no more was required of them for the verification of responses. (*Id.*).

---

[1] The Court notes that Judge Eddy issued the contemplated Order on July 17, 2023, directing Defendants to supplement their document production in accordance with her rulings on or before August 1, 2023. (ECF No. 274). Defendants submitted a Certificate of Compliance with that Order on August 25, 2023. (ECF No. 276). King has not challenged Judge Eddy's July 17, 2023, Order in his Motions pending before this Court.

Judge Eddy also addressed King's objections to several of Defendants' responses to his written deposition questions. (*Id.*) (citing ECF No. 234 ¶¶ 2, 4–7). She observed that Defendants "did answer deposition questions to the best of their ability and, where appropriate, counsel asserted objections." (*Id.*). "Should this case proceed to trial," she explained, King "will have the opportunity to question the individual [] Defendants about their deposition answers." (*Id.*). Accordingly, Judge Eddy denied King's Motion to Compel, insofar as it sought to compel answers to his written deposition questions.

Finally, Judge Eddy turned to King's Motion for In Camera Review. (*Id.*). Noting that Defendants took no position on this request, she reiterated her ruling that Defendants shall submit the relevant documents to the Court for in camera review, thereby granting King's Motion. (*Id.*).

### 3.      King's Objections and the Court's Analysis

Judge Eddy's Amended Order ultimately denied in part, deferred in part, and granted in part King's Motions—which focused solely on discovery issues.

Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Parties may obtain discovery of any matter that is both nonprivileged and relevant to a party's claim or defense, so long as it is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining whether discovery is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(l).

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide it. *See* Fed. R. Civ. P. 37. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. *See Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; a simple response that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir. 1982). Notably, a district court "is afforded wide discretion in managing its docket and discovery." *Drippie v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010).

As relevant to this Court's analysis of King's objections, "[d]iscovery motions are nondispositive pretrial motions[.]" *Williams v. Bell*, No. 16-CV-01584, 2019 WL 2177263, at *3 (E.D. Cal. May 20, 2019).

"Following a magistrate judge's issuance of an order on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing Fed. R. Civ. P. 72(a)). "If a party objects to a magistrate judge's order regarding a nondispositive matter, the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Id.* (quoting Fed. R. Civ. P. 72(a)). That standard requires the district court "to review findings of fact for clear error and to review matters of law de novo." *Id.*

Moreover, "it is the party filing the notice of appeal who bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Sanchez v. Silbaugh*, no 20-CV-1005, 2022 WL 16950426, at *3 (W.D. Pa. Nov. 15, 2022).

King timely objected to Judge Eddy's Amended Order. (ECF No. 273). His overarching contention is that the Amended Order was "clearly erroneous and contrary to law" and the Federal Rules of Civil Procedure. (ECF No. 273 at 3). But he also asserts several specific objections to Judge Eddy's Amended Order, which the Court now addresses in turn.

### a.       King's First Objection

First, King objects that "all relevant motions, declarations under penalty of perjury, and attached exhibits have not been properly considered." (*Id.* at 1). Specifically, he argues that his request for additional discovery at ECF No. 213 contained at least forty-two requests, but Judge Eddy only addressed "a few" in her Amended Order. (*Id.*). He also pointed to his submissions at ECF Nos. 233 and 258, arguing that each filing raised issues that were not reviewed or considered by Judge Eddy. (*Id.* at 2).

After reviewing Judge Eddy's Amended Order and King's submissions at ECF Nos. 213, 233, and 258, the Court will deny King's objection that Judge Eddy failed to properly consider King's arguments and requests.

Recall that Rule 26 provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1). In King's case, his operative claims are those that survived Defendants' Motion to Dismiss, namely: (1) a failure to protect claim under the Eighth

Amendment, alleging that Defendants failed to protect him from threats and harassment issued by other prisoners and staff members; (2) a First and Fourteenth Amendment claim that Defendants interfered with his mail, as he never received various letters and publications that were sent to him; and (3) First Amendment retaliation claims, asserting that Defendants issued misconducts against him and purposefully placed him in harsh conditions for expressing his safety concerns. (ECF Nos. 187, 199). Moreover, King's operative Complaint specifies that "[a]ll incidents" complained of happened "between May 30, 2020 up to and through 2021." (ECF No. 170 at 5).

Beginning with King's request for additional discovery at ECF No. 213—which sought forty-two items from Defendants—as Judge Eddy explained, the vast majority of King's requests are general and overbroad, considering the scope of his remaining claims.

For example, among the requests Judge Eddy did not specifically address in her Amended Order, King sought "[a]n accounting of the total number of inmate grievances filed year-by-year, between 2016 and 2022, by the *entire inmate population* and the total number of findings at every level of the process." (ECF No. 213 at 4) (emphasis added). Elsewhere, King requested "[m]onthly inmate account statements for [his] *entire* period of incarceration." (*Id.*) (emphasis added). Another request sought "[e]very … cash slip [he] submitted for payments/disbursements from his inmate account while" incarcerated, (*id.*), and another asked for "[a]ny documentation showing oversight compliance between" the institution where he was incarcerated and the DOC "since 2015[,]" (*id.* at 5).

Though not an exclusive list of requests falling into this category, the Court finds that these requests—and those like them—are not proportional to the needs of the case and generally

seek materials outside the ambit of King's remaining claims. Thus, the Court agrees with Judge Eddy's conclusion that many of King's requests contained in ECF No. 213 were overbroad, such that Judge Eddy's decision to deny King's Motion to Compel such documents was not clearly erroneous or contrary to law.

Moreover, the Court notes that Judge Eddy *did* address a significant number of King's requests made in ECF No. 213, even if she did not address each request individually. Judge Eddy specifically addressed King's requests for "all," each," every," or "any" of certain documents without providing any time frame. (ECF No. 261 at 7–8). At least fifteen of the forty-two requests in ECF No. 213 meet these criteria. (*See generally* ECF No. 213). With respect to these requests, Judge Eddy sustained Defendants' objections that they were overbroad, not relevant, not proportional, and not likely to lead to admissible evidence. (ECF No. 261 at 7–8).

Further, of King's requests for documents that did provide a particular time frame, five sought documents dating back to 2015 or 2016, well before May 2020, which, by King's own telling, marked the beginning of the incidents that form the basis of his Complaint. (ECF No. 213); (ECF No. 170 at 5). Upon independent review, and especially considering that Defendants represented that "for most requests, they have provided those documents relevant to the timeline of this case[,]" the Court cannot conclude that Judge Eddy's conclusions on this score were clearly erroneous or contrary to law.

King similarly argues that Judge Eddy improperly failed to address the "issues and rationales for requests" he provided in his brief in support of his Motion to Compel at ECF No. 233. (ECF No. 273 at 2). The Court first notes that Judge Eddy addressed several arguments contained in King's brief. For example, while King argued that Defendants' position that "the

scope of this matter is limited" was "incorrect[,]" (ECF No. 233 at 3), Judge Eddy found that the scope of discovery "is not unlimited and may be circumscribed[,]" and she repeatedly explained that discovery should not serve as a fishing expedition, (ECF No. 261 at 7–8). Judge Eddy also explicitly addressed King's arguments related to his requests for *all* DOC policies—including his arguments rooted in the APA and the *Accardi* doctrine, (ECF No. 233 at 4)—and found them unavailing, (ECF No. 261 at 6–7).[2]

Additionally, Judge Eddy addressed King's argument regarding Defendants' responses to his written deposition questions. (*Id.* at 9). She noted that King "did not identify any specific objections[,]" and therefore denied his Motion to Compel on this score. (*Id.*). The Court agrees with Judge Eddy's finding. In his brief, King argued that Defendants improperly "refus[ed]" to answer certain (unidentified) questions "based on" their "belief of appropriateness." (ECF No. 233 at 6). He also asserted that "[o]bjections may be raised but then an answer is still required." (*Id.*). But Rule 26 provides that a party may "serve[] on the requesting party a written answer *or* objection" to a particular discovery request. Fed. R. Civ. P. 26(a)(3) (emphasis added). Because "[t]he party filing the motion to compel must ask the [C]ourt to overrule specific objections," and King did not do so here, the Court finds no error in Judge Eddy's denial of King's Motion in this respect. *Schneider v. CitiMortgage, Inc.*, No. 13-CV-4094, 2016 WL 11268210, at *6 (D. Kan. Feb. 19, 2016).

Judge Eddy also specifically addressed King's argument that "Mail Denial Notifications [m]ust [b]e [p]roduced." (ECF No. 233 at 6). King's argument centers around his request for

---

[2] Because King specifically objects to Judge Eddy's conclusion on this score, (ECF No. 273 at 3), the Court will address the propriety of Judge Eddy's determination below.

"Smart Communications monthly mail logs and Security Processing Center monthly mail logs" between May 31, 2020, and March 30, 2022. (ECF No. 213 at 2). As Judge Eddy explained, defense counsel "represented that [King] has been provided with Mail Logs dated December 7, 2022, and February 9, 2023. And counsel has represented that he will see if additional information is available from the DOC." (ECF No. 216 at 8). Judge Eddy also noted that the Court "has no reason to doubt" that defense counsel will supplement discovery pursuant to Rule 26(e)(1). (*Id.*).

Accordingly, Judge Eddy denied King's request to compel Defendants' production of this material. (*Id.*). To be sure, the Mail Logs King seeks are relevant to his claim that Defendants improperly interfered with his mail. But the Court cannot conclude that Judge Eddy's finding was clearly erroneous or contrary to law, especially given (1) the Mail Logs already produced by Defendants, (2) Defendants' ongoing obligation to supplement discovery, and (3) Defendants' representation that they will continue to search for additional materials relevant to King's request. The Court reiterates, however, the importance of Defendants' ongoing obligation on this score, considering the importance of Mail Logs to King's mail interference claim.

In the interest of thoroughness, the Court now turns to the arguments King asserted in ECF No. 233 that Judge Eddy did not explicitly address in her Amended Order.

In King's brief, he argued that defense counsel has "continuously feigned misunderstanding or misrepresented and mischaracterized deposition questions or document requests" with respect to King's requests for "all," "each," "every," and "any" of certain documents. (ECF No. 233 at 5). Judge Eddy addressed these requests in her Amended Order and sustained Defendants' objections that such requests were overbroad, irrelevant, and not proportional, explaining that this "litigation is confined to those claims raised in the Fourth

Amended Complaint[.]" (ECF No. 261 at 7–8). Though she may not have addressed King's argument on this score explicitly, even considering King's argument, the Court finds no error in Judge Eddy's conclusions. This is especially true considering Defendants' representation that, for "most" of these requests, "they have provided those documents relevant to the timeline in this case." (*Id.* at 7).

King also argued in his brief that copies of the grievances he filed, which Defendants provided as part of their initial discovery disclosures, were "in some cases[] incomplete and without attached documents, while not in any easily discernable order." (ECF No. 233 at 5). He went on to offer several arguments as to why the requested grievances were relevant to his claims. (*Id.*). Judge Eddy did not specifically address this argument in her Amended Order.

The Court first notes that, in December 2022, Judge Eddy Ordered Defendants to provide King with "all incident reports, grievances and appeals therefrom," among other things. (ECF No. 203). Shortly after Judge Eddy's Order, Defendants filed a Notice representing that they had provided King with "[a]ll relevant Grievances from 2018 through November 2022[.]" (ECF No. 204). Still, in January 2023, King sought "[a]ll Inmate Grievances filed by [him]" in his Request for Additional Discovery. (ECF No. 213 at 2). Judge Eddy then issued an Order directing Defendants to respond to King's Request, including his request for grievances. (ECF No. 216). In March 2023, Defendants represented that they previously provided King with eighty-four copies of grievances he filed. (ECF No. 230-1 at 2–4).

Because the record before the Court indicates that Defendants have provided King with a thorough history of the grievances he filed, and considering the fact that "[m]anagement of discovery is uniquely within the discretion of the trial judge[,]" the Court finds no error in Judge

Eddy's failure to explicitly address King's argument regarding grievances in her Amended Order. *Williams v. Kort*, 223 F. App'x 95, 101 (3d Cir. 2007) (citing *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir. 1982)).

Further, Judge Eddy did not specifically address King's argument with respect to his request for "Cash Slips[.]" (ECF No. 233 at 5). In his Request for Additional Discovery, King sought "[e]ach Cash Slip submitted by [him] for Case Law[,]" presumably for his entire period of incarceration. (ECF No. 213 at 2). In his brief, King argues that these requests "would serve to determine reimbursements as well as allow [him] to re-find previously purchased case law[.]" (ECF No. 233 at 5).

The Court notes that Judge Eddy implicitly addressed King's request on this score when she sustained Defendants' objections to King's requests for "each" of certain documents without specifying a date or time period. (ECF No. 261 at 7–8). To that end, the Court agrees with Judge Eddy's decision to sustain Defendants' objection that King's request is irrelevant, overbroad, and not proportional, as it seeks materials well outside the temporal scope of his operative Complaint. (*Id.*). As Judge Eddy explained, discovery is confined to materials relevant to King's remaining claims. (*Id.* at 8). The Court finds that King's request for "[e]ach" Cash Slip bears little relevance to his operative claims; and his argument that production of those documents would allow him to determine reimbursements and "re-find" case law does not alter that conclusion. Accordingly, the Court concludes that Judge Eddy's determination on this score was not clearly erroneous or contrary to law.

Moreover, to the extent Judge Eddy did not specifically address King's arguments regarding his request that Defendants' produce "all case law upon which" they intend to rely,

(ECF No. 233 at 6), the Court again finds no error in this regard. As Judge Eddy explained, producing case law in this manner falls squarely outside the ambit of discovery. (ECF No. 216 at 8); *see also Saddozai v. Bolanos*, No. 18-CV-03972, 2023 WL 3006635, at *1–4 (N.D. Cal. Apr. 18, 2023) (similarly denying a plaintiff's request for "all case law and authorities relied on throughout this litigation").

Finally, King objects that his Motion for Reconsideration at ECF No. 258 "contained issues and rationales which were not reviewed and considered or addressed" in Judge Eddy's Amended Order. (ECF No. 273 at 2). As before, the Court begins by noting that Judge Eddy addressed several arguments King raised in ECF No. 258.

For example, King argued that Judge Eddy's assertion in her original Order that "[t]he only remaining claim in this case is [King's] First Amendment denial of access to the courts claim" was incorrect. (ECF No. 258 at 2); (ECF No. 256 at 4). Judge Eddy accounted for this argument by correctly stating in her Amended Order that several claims remained in this case. (ECF No. 261 at 4). King objected further to perceived factual inaccuracies in Judge Eddy's initial Order, none of which have any bearing on the legal conclusions contained in Judge Eddy's Amended Order that are the subject of this Court's review. (ECF No. 248 at 2–3).

Moreover, Judge Eddy addressed King's arguments that Defendants improperly objected to and/or invoked privilege in response to his discovery requests. (ECF No. 258 at 3). Indeed, Judge Eddy recognized King's objection and ordered Defendants to submit certain documents that Defendants had redacted for privilege concerns to the Court for in camera review. (ECF No. 261 at 10). And she specifically addressed and sustained numerous objections launched by Defendants. (*See generally* ECF No. 261).

With respect to King's argument that his request for "any" DOC policy was justified, (ECF No. 258 at 4), as previously explained, Judge Eddy explicitly and appropriately rejected that argument and sustained Defendants' objections to King's request. (ECF No. 261 at 6–7).

Thus, King raised no argument in ECF No. 258 that would render any of Judge Eddy's legal conclusions clearly erroneous or contrary to law.

In sum, the Court, having considered all relevant document and arguments, will deny in full King's first objection that Judge Eddy failed to consider his relevant filings, namely (but not limited to), ECF Nos. 213, 233, and 258. To be sure, Judge Eddy addressed a significant portion of those arguments. And to the extent Judge Eddy did not specifically address some arguments contained in those filings, the Court has explained above why those arguments—and Judge Eddy's failure to explicitly address them in her Amended Order—do not compel this Court to conclude that Judge Eddy's determinations were clearly erroneous or contrary to law.

### b.    King's Second Objection

Second, King asserts that Judge Eddy "appears [to be] engaged in mind reading and assuming the Government's position or objections." (ECF No. 273 at 2). He points only to Judge Eddy's explanation that the Court was not in possession of Defendants' objections to King's requests and argues that it was incumbent upon Defendants to submit those objections to the Court. (*Id.*).

Judge Eddy's remark was in reference to Defendants' objections to the forty-two items King sought in his Request for Additional Discovery. (ECF No. 261 at 5). She noted that King represented that "'counsel for the defense objected to nearly the entire request, but did furnish some documentation.'" (*Id.* at 6) (quoting ECF No. 233 at 1). While Judge Eddy addressed the

specific objections King made with respect to several of the forty-two items he requested, she also explained that she "is not able to rule on an objection by [King] that is not particularized." (*Id.*).

An independent review of the filings Judge Eddy addressed in her Amended Order bolsters her conclusion that much of King's objections relative to his Request for Additional Discovery were not sufficiently particularized. (*See, e.g.*, ECF No. 243 at 3) (arguing that Defendants "objected to furnishing [King] with required documents without legitimate cause"); (*Id.*) (arguing that Defendants are "deliberately delaying and obstructing the discovery process by … pretending not to understand a discovery request"); (ECF No. 233 at 3) (arguing generally that Defendants' objections are "frivolous" and "incorrect"). Nonetheless, of King's objections that were sufficiently particularized, Judge Eddy adequately addressed them in her Amended Order.

Thus, contrary to King's assertion, Judge Eddy did not assume Defendants' position or objections on this score. Rather, she only addressed King's particularized objections to Defendants' responses. Because the Court cannot conclude that Judge Eddy's decision to cabin her analysis in this way was clearly erroneous or contrary to law, it will deny King's second objection. *See Parks, LLC v. Tyson Foods, Inc.*, No. 15-CV-00946, 2017 WL 3534993, at *10 (E.D. Pa. Aug. 17, 2017) (finding that a party's "objection meant little without reference to any particular discovery request" or "cit[ation] to any specific document requests that [the party] believed that [the other] had failed to properly answer"); *United My Funds, LLC v. Perera*, No. 19-CV-00373, 2020 WL 1225042, at *19 (E.D. Tex. Mar. 12, 2020) (explaining that "the party seeking to compel particular information must [] address each objection raised by Defendants and show why each discovery request is relevant to his claims") (internal quotation omitted).

### c.      King's Third and Fourth Objections

Third, King objects that "Defendants have failed to timely file objections and therefore waive[d] them and so [his] requests should be granted." (*Id.*). He also objects that Defendants have "not met their burden or requirement ... to state the grounds" upon which they object to King's requests "with specificity[.]" (*Id.* at 2–3).  But King's objections do not take aim at any specific response or objection provided by Defendants, making them infirm for reasons the Court previously articulated.

In any event, the Court notes that Defendants' actual responses to King's discovery requests, including any objections thereto, are not in the record before the Court. *See* W.D. Pa. LCvR 5.4(A) (explaining that "[d]iscovery requests and responses ... shall not be filed with the office of the Clerk of Court except by order of Court").[3] The Court therefore has no way of concretely verifying the timeliness or specificity of Defendants' objections to King's discovery requests, save those objections King has specifically identified and contested. Judge Eddy addressed King's particularized objections, and the Court has already explained why her conclusions were legally sound.

Thus, considering the record before the Court, and because "there is particularly broad deference given to a magistrate judge's discovery rulings, especially when[,]" as here, "the

_____

[3] The Court notes that, while the record does not contain Defendants' responses or objections to King's requests in the first instance, Defendants did outline some previously asserted objections in their response to King's discovery Motions. (ECF No. 251). For example, Defendants objected to King's request for documents that lacked specified timeframes as "overbroad, not relevant, not proportional, and not likely to lead to admissible evidence[,]" explaining further that this litigation "is confined to the claims raised by the operative complaint in this matter" and "not concerned with the entirety of [King's] confinement with the DOC." (*Id.* at 3). The Court finds that that objection, and the other objections outlined in Defendants' filing at ECF No. 251, are sufficiently specific so as to preclude the Court from concluding that Judge Eddy's findings with respect to those objections were clearly erroneous or contrary to law.

magistrate judge has managed the case from the outset and developed a thorough knowledge of the proceedings[,]" the Court cannot conclude that the timeliness or specificity of Defendants' objections render Judge Eddy's Amended Order clearly erroneous or contrary to law. *Bell v. Lockheed Martin Corp.*, No. 08-CV-6292, 2010 WL 3724271, at *6 (D. N.J. Sept. 15, 2020). For these reasons, the Court will deny King's third and fourth objections.

### d.      King's Fifth Objection

Fifth, King objects that the DOC "receives federal funding and therefore should be subject to the *Accardi* doctrine." (*Id.* at 3). Recall that Judge Eddy previously rejected King's argument that the entirety of the DOC's policies were discoverable "to ensure compliance with the *Accardi* [d]octrine[.]" (ECF No. 261 at 6–7 & n.2).

As Judge Eddy explained, because the *Accardi* doctrine applies to federal agencies, and there are no federal agencies named in this case, it is inapplicable. (ECF No. 261 at 7 n.2); *see also Saleem v. Pennsylvania*, No. 21-CV-542, 2022 WL 1407917, at *1, *20–21 (M.D. Pa. May 4, 2022) (explaining, in a case in which the plaintiff named the Pennsylvania DOC as a defendant, that "[t]here are no federal agencies named in this action and [the plaintiff's] reliance on the *Accardi* doctrine is entirely misplaced"). The Court further notes that because there is no federal agency named in this case, any argument King advanced with respect to the APA is also inapposite. *See S. Carolina Wildfire Fed'n v. Limehouse*, 549 F.3d 324, 331 n.5 (4th Cir. 2008) ("[B]y its terms, the APA applies only to federal agencies.").

Finally, any federal funding the DOC may receive makes no difference. *See Singleton Sheet Metal Works, Inc. v. Pueblo*, 727 F. Supp. 579, 581 (D. Colo. 1989) ("[F]ederal funding alone does

not make [a local entity] a federal agency."). Accordingly, the Court will deny King's fifth objection.

### e.   King's Sixth Objection

Sixth, King contends that Judge Eddy's decision is "highly prejudicial and indicative of judicial bias." (*Id.*). The Court disagrees. "[W]hen a judge's opinion is formed by the proceedings before [her], [her] opinions do not constitute bias 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. Ciavarella*, 716 F.3d 705, 723 (3d Cir. 2013) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Judge Eddy's Order falls well short of that standard.

As outlined above, Judge Eddy sufficiently addressed the particularized objections and arguments King raised in his relevant discovery Motions. (*See generally* ECF No. 261). While Judge Eddy appropriately sustained several of Defendants' objections, she also granted King's request for in camera review of certain documents Defendants withheld by citing various privilege and confidentiality concerns. (*Id.* at 10–11). And she repeatedly recognized the materials already provided to King by Defendants, (*id.* at 5, 7, 9, 11), and stressed Defendants' ongoing duty to supplement discovery, (*id.* at 8).

For these reasons, and in conjunction with the Court's analysis of King's various objections above, the Court finds that Judge Eddy's Amended Order was neither prejudicial nor indicative of any bias. The Court will therefore deny King's sixth objection.

In sum, for the reasons above, and after independent review of the record in this matter, the various filings that were the subject of Judge Eddy's Amended Order, and King's objections,

the Court finds that Judge Eddy's decision at ECF No. 261 was not clearly erroneous or contrary to law. Accordingly, the Court will deny King's objections at ECF No. 273.

**B.     The Court Will Deny King's Motion Requesting District Judge Review and Reconsideration of Past Magistrate Judge Decisions at ECF No. 278**

The Court now turns to King's request that this Court "review and reconsider past decisions of the Honorable Magistrate Judge[.]" (ECF No. 278 at 1).

King first seeks "review and reconsideration of his motions for appointment of counsel." (ECF No. 278). He argues that Judge Eddy erred in "repeatedly denying [his] request[s] once it became apparent he was incapable of adequately and properly raising claims[.]" (*Id.*). To start, King's "request [for] review[,]" which the Court construes as objections to Judge Eddy's Orders denying his previous Motions for Appointment of Counsel, is untimely. Judge Eddy most recently denied King's renewed Motion to Appoint Counsel without prejudice in October 2021. (ECF No. 168). King's request for review was filed in November 2023, well beyond the 14-day window to file objections to a Magistrate Judge's order on a nondispositive pretrial matter afforded to litigants by Federal Rule of Civil Procedure 72(a). *See Bronson v. Kauffman*, No. 19-CV-1519, 2023 WL 3847632, at *3 (W.D. Pa. June 6, 2023) ("[A] motion to appoint counsel is a nondispositive pretrial motion[.]").

Even if King's objections were timely, the Court would still deny them. As Judge Eddy previously explained, "'[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel[,]'" and district courts have "'broad discretion to determine whether appointment of counsel in a civil case would be appropriate.'" (ECF No. 168 at 1) (quoting *Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016)). Considering the analyses undertaken by Judge Eddy

in previously denying King's Motions, (*see* ECF Nos. 41, 84, 168), the Court finds that her decisions to deny King's Motions without prejudice were not clearly erroneous or contrary to law. *See Bronson*, 2023 WL 3847632, at *3 ("[T]he Court reviews Judge Eddy's order denying [the plaintiff's motion to appoint counsel] under th[e] 'clearly erroneous' standard.").

Second, King objects that his filings at ECF Nos. 262, 263, and 264 "were intentionally and deliberately conflated, despite [the] title of [those] motions[,] and denied." (ECF No. 278 at 2). The Court understands this objection as informing King's broader argument that he "filed multiple motions to raise objections and seeking reconsideration[,]" but "[o]nly a few were addressed by the District Judge[.]" (*Id.* at 1).

King's filing at ECF No. 262 is entitled "Motion to Raise an Objection and Seeking Reconsideration[.]" Though he does not explicitly cite to any Order, that filing appears to take aim at Judge Eddy's initial Order addressing King's discovery Motions. For example, King argued that the "Court's Order" factually conflicted with the Court's Report and Recommendation at ECF No. 187, (ECF No. 262 at 2), which is nearly identical to an argument King advanced in his Motion seeking reconsideration of Judge Eddy's initial Order, (ECF No. 258 at 2). But Judge Eddy granted King's Motion for Reconsideration and, in doing so, vacated her initial Order and issued an Amended Order. (ECF Nos. 259, 261). Thus, to the extent King's Motion at ECF No. 262 sought this Court's review of Judge Eddy's initial Order, that Motion was mooted by Judge Eddy's Amended Order. And the Court has already addressed King's timely objections to that Amended Order above. *See supra* Section III.A.3.

ECF No. 263 is entitled "Motion of Inquiry of the Court[.]" Therein, King asks the Court whether (1) Defendants provided the Court with a copy of a privilege log, (2) he is entitled to

copies of redacted documents, and (3) there is a formal process for litigants to file formal complaints for judicial misconduct. (ECF No. 263 at 1). In denying King's Motion without prejudice, Judge Eddy ordered Defendants to produce a privilege log and any redacted documents to the Court. (ECF No. 267 at 1). After independent review, the Court finds that Judge Eddy in no way conflated King's Motion at ECF No. 263. To the extent King implies that his Motion should have been addressed by this Court, because his Motion did not specifically object to any Order of Judge Eddy's or request this Court's review, the Court rejects that contention.

King's filing at ECF No. 264 is entitled "Motion to Preserve the Record[.]" In that Motion, he did not object to any Order or request this Court's review. Instead, he requested that the Court send him copies of each document he filed throughout the life of his case. (ECF No. 264). Judge Eddy denied King's Motion without prejudice and explained that "[a]ll documents filed by any party, as well as all Court orders, in all cases filed in this Court, are preserved and available for review on the Court's ECF system." (ECF No. 267). Again, the Court finds that Judge Eddy did not conflate, but instead adequately addressed, King's Motion at ECF No. 264.

Third, King asks this Court to reconsider his Motion seeking sanctions against Defendants "for failure to produce documents or to update provided discovery." (ECF No. 278 at 3). King filed a Motion for Sanctions on April 20, 2023. (ECF No. 242). Judge Eddy denied that Motion a week later, explaining that Defendants still had time to respond to King's pending discovery Motions. (ECF No. 248). Once Defendants did so, King filed a Motion to Clarify regarding his previous Motion for Sanctions. (ECF No. 252). On May 12, 2023, Judge Eddy denied that Motion and stated that "[a]sserting legally proper objections to discovery requests is not contemptable action." (ECF No. 257).

Because King's Motion seeking this Court's review of that Order was filed over five months after the Order was docketed, his objection was not timely made. In any event, even if King's objection was timely, because "[t]he decision to impose sanctions for discovery violations … [is] generally entrusted to the discretion of the district court[,]" and because King offers the Court no legally persuasive reason to disturb Judge Eddy's decision, the Court would not find her conclusion clearly erroneous or contrary to law. *Bowers v. Nat'l Collegiate Athletics Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007).

The remainder of King's objections in his Request for Review center around the issues addressed in Judge Eddy's Amended Order at ECF No. 261. For example, King requests review of Judge Eddy's "decisions concerning written deposition questions" and argues that Judge Eddy erred in her decision following his Motion to Compel Discovery. (ECF No. 278 at 2–3). Again, King's Request for Review was filed over four months after Judge Eddy's Amended Order, so his objections thereto are untimely. Moreover, the Court has already addressed the myriad objections to Judge Eddy's Amended Order that King timely made. *See supra* Section III.A.3.

For the foregoing reasons, the Court will deny King's Motion at ECF No. 278 requesting this Court's review of several decisions previously issued by Judge Eddy.

**C.     The Court Will Deny King's Motion to Remove Magistrate Judge at ECF No. 292**

Finally, the Court shifts its attention to King's "Motion to Remove Magistrate Judge[.]" (ECF No. 292). In that Motion, King alleges "a pattern of judicial bias" and "clearly erroneous" decisions on behalf of Judge Eddy. (*Id.* at 2).

The most obvious ground upon which to deny King's Motion is that it is now moot. As previously explained, the referral of this case to Judge Eddy was withdrawn on April 23, 2024—

just under a week after King filed his Motion to Remove Magistrate Judge. (*Id.*). This matter is now referred to Judge Brown. Accordingly, the Court cannot grant the relief King requests in his Motion.

But the Court stresses that it would not grant King's Motion even if Judge Eddy was still assigned to this case. As the Court explained in a previous Order denying King's request to assign his case to another Magistrate Judge, the Court rejects any contention that Judge Eddy was in any way incapable of reaching well-examined, fair, impartial, and unbiased decisions. (ECF No. 266 at 2); *cf. In re Kensington Int'l, Ltd.*, 368 F.3d 289, 301–02 (3d Cir. 2004) (explaining that a judge may be disqualified where that judge's "impartiality might reasonably be questioned") (quotation omitted). Indeed, the independent review this Court undertook to address King's objections proved that Judge Eddy has done just that throughout the life of this case.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN KING, | ) | |
| | ) | Case No. 3:20-cv-243 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| BARRY SMITH et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM ORDER**</u>

**AND NOW**, to wit, this _22ND_ day of July, 2024, upon consideration of Plaintiff Shaun King's (1) "Appeal to District Judge of Magistrate Judge's Amended Memorandum Order" at ECF No. 273, (2) "Motion for an Expedited Decision" at ECF No. 277, (3) "Motion Requesting District Judge Review and Reconsider[ation of] Past Magistrate Judge Decisions" at ECF No. 278, and (4) "Motion to Remove Magistrate Judge" at ECF No. 292, **IT IS HEREBY ORDERED** as follows:

- The Appeal to District Judge of Magistrate Judge's Amended Memorandum Order at ECF No. 273, and the objections contained therein, are **DENIED** for the reasons stated in the accompanying Memorandum Opinion;

- The Motion for an Expedited Decision at ECF No. 277 is **DENIED AS MOOT**;

- The Motion Requesting District Judge Review and Reconsideration of Past Magistrate Judge Decisions at ECF No. 278 is **DENIED** for the reasons stated in the accompanying Memorandum Opinion; and

- The Motion to Remove Magistrate Judge at ECF No. 292 is **DENIED**.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

**Notice by U.S. Mail to:**
Shawn King – MM2246
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450